

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00156-CR
### NO. 02-12-00157-CR

DEMARCUS MCCOWAN                                        APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

## FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Demarcus McCowan appeals his conviction for two counts of aggravated robbery. We previously overruled Appellant's first and third issues and now overrule Appellant's second issue. Accordingly, we affirm the trial court's judgments.

---

[1]*See* Tex. R. App. P. 47.4.

In a prior memorandum opinion, we overruled Appellant's first and third issues, concluding that the trial court did not abuse its discretion by (1) denying Appellant's motion to suppress evidence or (2) overruling his objection to the State's extraneous-offense question. *McCowan v. State*, Nos. 02-12-00156-CR, 02-12-00157-CR, 2013 WL 2435439, at *2, 5–6 (Tex. App.—Fort Worth June 6, 2013, no pet. h.) (mem. op. & order, not designated for publication). However, we abated the appeal in order for the trial court to enter the required findings of fact and conclusions of law regarding Appellant's contention that his confession was involuntary. *Id.* at *3; *see* Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005). The trial court has now entered its findings and conclusions, concluding that Appellant's custodial statement was voluntary.

We previously recounted the pertinent facts regarding Appellant's custodial written statement. *McCowan*, 2013 WL 2435439, at *3. In short, Detective James Weisinger testified at the suppression hearing that he read Appellant the required warnings after his arrest and that Appellant waived his right to remain silent. After Appellant made an inculpatory statement, Weisinger wrote down the statement, which Appellant approved and signed. The signed statement also included the required warnings. The trial court, in its findings based on testimony adduced at the pretrial motion-to-suppress hearing, found that Weisinger read Appellant the warnings, Appellant waived his rights, Weisinger wrote down Appellant's subsequent inculpatory statement, and Appellant signed and approved the written statement. Appellant asserts on appeal, as he did in the

2

trial court, that Weisinger never gave the required warnings and that he did not give a statement to Weisinger or sign such a statement. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 2.

"A statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion." *Id.* art. 38.21 (West 2005); *see also Jackson v. Denno*, 378 U.S. 368, 376, 84 S. Ct. 1774, 1780 (1964) (holding admission of involuntary confession violates defendant's due-process rights). In reviewing the trial court's ruling on a motion to suppress a statement based on a claim the statement was involuntary, we give almost total deference to the trial court's determination of historical facts, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). We afford the same amount of deference to the trial court's ruling on application-of-law-to-fact questions, also known as mixed questions of law and fact, if the resolution of those questions turns on evaluating credibility and demeanor. *Id.* But questions of law and mixed questions of law and fact that do not turn on an evaluation of credibility and demeanor are reviewed de novo. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). We sustain a trial court's ruling on a motion to suppress if it is correct on any theory of law applicable to the case. *Ross*, 32 S.W.3d at 856.

Here, the trial court made credibility determinations adverse to Appellant's position. Namely, the trial court found that Weisinger gave Appellant the

warnings, Appellant voluntarily waived those rights, and Appellant approved and signed both pages of the written statement. Although Appellant testified that he never received the warnings, made a statement, or signed the statement, the trial court was uniquely positioned to determine the credibility of the witnesses. We will not second guess these determinations. The evidence adduced at the suppression hearing supports the trial court's findings and conclusions; thus, we hold that the trial court did not abuse its discretion in denying Appellant's motion to suppress. *See, e.g.*, *Davis v. State*, 313 S.W.3d 317, 336–38 (Tex. Crim. App. 2010), *cert. denied*, 132 S. Ct. 122 (2011); *Sells v. State*, 121 S.W.3d 748, 767 (Tex. Crim. App.), *cert. denied*, 540 U.S. 986 (2003); *Wood v. State*, 18 S.W.3d 642, 646 (Tex. Crim. App. 2000).

We overrule issue two. Having overruled all of Appellant's issues, we affirm the trial court's judgments.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 8, 2013